UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JERRY HERING, Individually and on Behalf of All Others Similarly Situated,<br><br>                      Plaintiff,<br><br>vs.<br><br>RITE AID CORPORATION, et. al.,<br><br>                      Defendants. | Civ. No. 1:15-cv-02440-JEJ<br><br>CLASS ACTION<br><br>MEMORANDUM OF LAW IN SUPPORT OF LEAD PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT |

1311204_1

Lead Plaintiff Jerry Hering ("Plaintiff"), by undersigned counsel, and as ordered by the Court, [*see* Dkt. No. 72], respectfully moves for leave to file an amended complaint ("Amended Complaint"), attached as Exhibit A to the Declaration of Deborah R. Gross, filed herewith. Because the current operative complaint on file is one that requires a responsive pleading, and Defendants have not yet filed a responsive pleading, or a motion under Rule 12(b), (e), or (f) of the Federal Rules of Civil Procedure, Plaintiff has an absolute right under Fed. R. Civ. P. 15(a)(1)(B) to file the Amended Complaint. Therefore, Plaintiff's motion should be granted.

## I. Relevant Background

On April 12, 2016, the Court granted Plaintiff's unopposed motion to stay this case for all purposes pending consummation of the proposed merger between Rite Aid Corporation ("Rite Aid") and Walgreens Boots Alliance, Inc. ("Walgreens") ("Merger"). [*See* Dkt. No. 56]. As detailed in Plaintiff's letter filed with the Court on July 21, 2017 [Dkt. No. 69], Defendants ultimately terminated the Merger on June 29, 2017 due to challenges in obtaining regulatory approval.

As alleged in the Amended Complaint, certain Rite Aid and Walgreens officers made a series of false and misleading statements regarding the likelihood that the Merger would obtain regulatory approval, as well as the detriment that would result in the event the Merger was not approved, which caused damages to Plaintiff and the proposed class in violation of §§10(b) and 20(a) of the Securities Exchange Act of

- 1 -

1934, 15 U.S.C. §§78j(b) and 78t(a), and United States Securities and Exchange Commission Rule 10b-5 promulgated thereunder, 17 C.F.R. §240.10b-5.

On August 4, 2017, the Court lifted the stay in this case and ordered Plaintiff to file the instant motion for leave to amend the complaint. [Dkt. No. 72].

## II.  Plaintiff's Motion Should Be Granted

### A.  Plaintiff Has an Absolute Right to File the Amended Complaint as a Matter of Course

Under Fed. R. Civ. P. 15(a)(1)(B), if the pleading is one to which a responsive pleading is required, "[a] party may amend its pleading once as a matter of course within: . . . 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Plaintiff has not yet amended his pleading. The current operative complaint on file is one that requires a responsive pleading, and Defendants never filed a responsive pleading or a motion under Rule 12(b), (e), or (f). Accordingly, and with all due respect, the Court has no discretion to deny Plaintiff leave to amend as a matter of course. *See Houser v. Pennsylvania Dep't of Corr.*, No. 13-cv-1068, 2014 WL 640261, at *2 (W.D. Pa. Feb. 19, 2014) (noting that "Court has no discretion to deny leave to amend on the grounds of futility" where an amended complaint was filed as a matter of course within 21 days); *see also Buffalo State Alumni Ass'n, Inc. v. Cincinnati Ins. Co.*, No. 1:14-cv-383(MAT)(JJM), 2017 WL 1734159, at *4 (W.D.N.Y. May 4, 2017) ("While Rule 15(a) gives the court extensive discretion to decide whether to grant leave to amend

after the time for amendment as [a matter] of course has passed . . . a plaintiff's right to amend the complaint once as of right may be described as 'absolute.'").[1]

*Swanigan v. City of Chicago*, 775 F.3d 953, 955 (7th Cir. 2015) is a procedurally analogous case where the District Court stayed a civil rights action against the city of Chicago while the plaintiff litigated related claims against individual police officer defendants in a separate lawsuit. After that case was resolved, the plaintiff moved to lift the stay of the lawsuit against the city and advised the court of his intention to amend the complaint. *Id.* In opposing the motion to lift the stay, the city raised arguably justiciable merits arguments. *Id.* at 959-60. The District Court thereafter denied the motion to lift the stay and dismissed the case in its entirety. *Id.* at 955.

On appeal, the Seventh Circuit held that the District Court erred when it dismissed the case rather than "lift[ing] the stay and wait[ing] for the amended complaint before evaluating any jurisdictional impediments to hearing the case." *Id.* at 963. The court noted that, because the plaintiff was entitled to amend his complaint under Rule 15(a)(1)(b), "whether to allow an amendment was out of the court's hands entirely." *Id.*

Here too, Plaintiff has an absolute right to file the Amended Complaint. Defendants will likely raise a number of merits arguments in opposing this motion, as

---

[1] Internal citations and quotations omitted and emphasis added unless otherwise noted.

they did in opposing Plaintiff's request to lift the stay in this case. But as the Seventh Circuit noted in *Swanigan*: "the time to evaluate any jurisdictional or legal impediments to the . . . suit is after [plaintiff] ha[s] amended [the] complaint, as Rule 15(a)(1)(B) entitles [him] to do." *Id.*

> **B.    Defendants Never Filed a Responsive Pleading or Motion Under Rule 12(b), (e), or (f)**

The Rite Aid Defendants[2] may also try to argue that a one-page, boilerplate "motion" they filed on January 21, 2016 [Dkt. No. 37] started the 21-day clock to file an amended complaint under Rule 15(a)(1)(B). But that boilerplate "motion" was withdrawn because the Rite Aid Defendants never filed a supporting brief "[w]ithin fourteen (14) days after the filing of [the] motion[,]" as required by L.R. 7.5. Indeed, the rule provides that: "***If a supporting brief is not filed within the time provided in this rule the motion shall be deemed to be withdrawn***."

The Rite Aid Defendants recognized the requirement of L.R. 7.5 in their boilerplate "motion." [*See* Dkt. No. 37 ("For the reasons set forth in the memorandum of law that will be filed pursuant to Local Rule 7.5 . . . .")]. Yet they failed to file the required brief within 14 days, as required. Thus, under L.R. 7.5, the Rite Aid Defendants' boilerplate "motion" was withdrawn. *See Joyce v. Capital Area Transit*, No. 1:16-CV-00758, 2017 WL 1150650, at *5 (M.D. Pa. Mar. 28, 2017) (deeming

---

[2] "Rite Aid Defendants" refer to Rite Aid, John T. Standley, David R. Jessick, Joseph B. Anderson, Jr., Bruce G. Bodaken, Kevin E. Lofton, Myrtle S. Potter, Michael N. Regan, Frank A. Savage, and Marcy Syms.

- 4 -

motion to dismiss withdrawn under L.R. 7.5 for failure to file supporting brief); *Nat'l Fire Ins. Co. of Hartford v. Keystone Fruit Mktg., Inc.*, No. 1:10-CV-02220, 2011 WL 3739138, at *3 (M.D. Pa. June 8, 2011) (same); *Mincy v. DeParlos*, No. 1:08-CV-0507, 2009 WL 2588848, at *5 (M.D. Pa. Aug. 19, 2009) (same). And a withdrawn motion does not start the 21-day clock to amend a complaint under Rule 15(a)(1)(B). *See S.S. Dweck & Sons, Inc. v. Hasbani*, No. 12 civ. 6548 (RWS), 2013 WL 3963603, at *3 (S.D.N.Y. Aug. 1, 2013) (holding that, after defendants withdrew motion to dismiss, "Plaintiff then, pursuant to Rule 15(a)(1)(B), had twenty-one days following Defendants' answer to file an Amended Complaint as a matter of course.").

Furthermore, the boilerplate "motion" is invalid because it failed to "state with particularity the grounds for seeking the order" with "reasonable specificity," as required by Fed. R. Civ. P. 7(b)(1)(B). *See Martinez v. Trainor*, 556 F.2d 818, 820 (7th Cir. 1977) ("The standard for 'particularity' has been determined to mean 'reasonable specification.'") (citing 2-A Moore's Federal Practice, P 7.05, at 1543 (3d ed. 1975)). Indeed, the "motion" concedes that it does not state any grounds for granting the requested relief: "For the reasons set forth in the memorandum of law that will be filed . . . ." [Dkt. No. 37]. Because the skeletal "motion" failed the "particularity" requirement, it is invalid and, thus, could not have started the 21-day clock for Plaintiff to amend the complaint. *See Martinez*, 556 F.2d at 820 (holding

that boilerplate motion under Fed. R. Civ. P. 59(e) that failed to satisfy "particularity" requirement did not toll the 30-day period for filing an appeal).

### C. Conclusion

Because Defendants filed no responsive pleading or motion under Rule 12(b), (e), or (f), Plaintiff has an absolute right to file the Amended Complaint as a matter of course. For these reasons, Plaintiff respectfully requests that the Court permit the filing of the Amended Complaint.

DATED: September 22, 2017

Respectfully submitted,

KAUFMAN, COREN & RESS, P.C.
DEBORAH R. GROSS
(Pa. ID No. 44542)

*s/ Deborah R. Gross*
DEBORAH R. GROSS

Two Commerce Square, Suite 3900
2001 Market Street
Philadelphia, PA 19103
Telephone: 215/735-8700
dgross@kcr-law.com

*Local Counsel*

ROBBINS GELLER RUDMAN
 & DOWD LLP
STUART A. DAVIDSON
MARK J. DEARMAN
CHRISTOPHER GOLD
120 East Palmetto Park Road, Suite 500
Boca Raton, FL 33432
Telephone: 561/750-3000
561/750-3364 (fax)

ROBBINS GELLER RUDMAN
  & DOWD LLP
RANDALL J. BARON
DAVID T. WISSBROECKER
655 West Broadway, Suite 1900
San Diego, CA 92101-3301
Telephone: 619/231-1058
619/231-7423 (fax)

*Lead Counsel for Plaintiff and the Proposed Class*

HAGENS BERMAN SOBOL SHAPIRO LLP
REED R. KATHREIN
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: 510/725-3000
510/725-3001 (fax)

HAGENS BERMAN SOBOL SHAPIRO LLP
KARL P. BARTH
1918 8th Avenue, Suite 3300
Seattle, WA 98101
Telephone: 206/623-7292
206/623-0594 (fax)

*Additional Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on September 22, 2017, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper *via* the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on September 22, 2017.

*s/ Deborah R. Gross*
DEBORAH R. GROSS
KAUFMAN, COREN & RESS, P.C.
Two Commerce Square, Suite 3900
2001 Market Street
Philadelphia, PA 19103
Telephone: 215/735-8700
dgross@kcr-law.com

# Mailing Information for a Case 1:15-cv-02440-JEJ Hering v. Rite AID Corporation et al

### Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Thomas G. Collins**
  thomas.collins@bipc.com,cynthia.ziegler@bipc.com

- **Stuart A Davidson**
  sdavidson@rgrdlaw.com,jdennis@rgrdlaw.com,e_file_sd@rgrdlaw.com,e_file_fl@rgrdlaw.com

- **Mark J Dearman**
  mdearman@rgrdlaw.com,e_file_sd@rgrdlaw.com,e_file_fl@rgrdlaw.com

- **Simone L Delerme**
  delermes@pepperlaw.com

- **Brian P. Downey**
  downeyb@pepperlaw.com,boringk@pepperlaw.com

- **Cliff C. Gardner**
  cliff.gardner@skadden.com,jennifer.voss@skadden.com

- **Christopher Chagas Gold**
  cgold@rgrdlaw.com,jdennis@rgrdlaw.com,e_file_sd@rgrdlaw.com,e_file_fl@rgrdlaw.com

- **Deborah R Gross**
  dgross@kcr-law.com,jhannigan@kcr-law.com

- **Howard J. Kaufman**
  hkaufman@kcr-law.com,jhannigan@kcr-law.com

- **Jessica R. Kunz**
  jessica.kunz@skadden.com,veronica.bartholomew@skadden.com,cherie.krebs@skadden.com,mlcwil@skadden.com,lauren.karpinski@skadden.com,ecf-142c15ead948@ecf.pacerpro.com

- **Benjamin M. Mather**
  bmather@kcr-law.com,emullen@kcr-law.com,dgross@kcr-law.com

- **Robert S. Saunders**
  rob.saunders@skadden.com

- **Kristen R. Seeger**
  kseeger@sidley.com,kristen-seeger-6650@ecf.pacerpro.com,efilingnotice@sidley.com

- **Nilofer Umar**
  numar@sidley.com,efilingnotice@sidley.com,nilofer-umar-6698@ecf.pacerpro.com,ddrown@sidley.com

- **Jennifer C Voss**
  JENNIFER.VOSS@SKADDEN.COM

### Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
Randall            J Baron
```
Robbins Geller Rudman & Dowd LLP
655 West Broadway
Suite 1900
San Diego, CA 92101-3301

```
David              T Wissbroecker
```
Robbins Geller Rudman & Dowd LLP
655 West Broadway
Suite 1900
San Diego, CA 92101-3301