**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JERRY HERING, Individually and on Behalf of All Others Similarly Situated, | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| v. | ) | NO. 1:15-cv-2440-JEJ |
| RITE AID CORPORATION, *et al.*, | ) | |
| Defendants. | ) | |

**THE RITE AID DEFENDANTS' RESPONSE TO PLAINTIFF HERING'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT**


Of the Delaware Bar:

Robert S. Saunders (admitted *pro hac vice*)
Jennifer C. Voss (admitted *pro hac vice*)
Cliff C. Gardner (admitted *pro hac vice*)
Jessica R. Kunz (admitted *pro hac vice*)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
One Rodney Square, P.O. Box 636
Wilmington, Delaware 19899-0636

Brian P. Downey (PA 59891)
PEPPER HAMILTON LLP
Suite 200, 100 Market Street, Box 1181
Harrisburg, Pennsylvania 17108-1181

*Attorneys for Defendants Rite Aid Corporation, John T. Standley, David R. Jessick, Joseph B. Anderson, Jr., Bruce G. Bodaken, Kevin E. Lofton, Myrtle S. Potter, Michael N. Regan, Frank A. Savage and Marcy Syms*


DATED: October 6, 2017

## INTRODUCTION

The Rite Aid Defendants do not oppose Plaintiff Hering's motion for leave to file an amended complaint (the "Amended Complaint"), provided that Plaintiff satisfies his legal obligations under the Private Securities Litigation Reform Act ("PSLRA") to undertake again the lead plaintiff and lead counsel process, including giving notice to other Rite Aid stockholders of the Amended Complaint and affording them the opportunity to petition for lead status. (Dkt. 76) Prior to this process being completed, the Rite Aid Defendants should not be required to respond to the Amended Complaint.

If Plaintiff Hering is trying to use the amendment process to end-run the PSLRA procedures for appointing lead plaintiff and lead counsel, then the Rite Aid Defendants object to this tactic and to the motion. (*See* Dkt. 64 at 16-17)

## FACTS

Nearly two years ago, Plaintiff Hering filed a putative class action lawsuit in this Court. The lawsuit challenged disclosures in a proxy statement relating to a proposed merger between Rite Aid Corporation and Walgreens. The claim was brought under Section 14 of the Securities Exchange Act of 1934. No class period was defined.

The Rite Aid Defendants responded by defeating Plaintiff's preliminary injunction motion and moving to dismiss the complaint, but rather than brief the

motion to dismiss (which – contrary to Plaintiff's assertion – was never withdrawn), the parties stipulated, and the Court ordered, that briefing would be deferred until the lead plaintiff and lead counsel process under the PSLRA was satisfied. (*See* Dkt. 45) Eventually, the Court appointed Plaintiffs Hering and Mr. and Mrs. Hussey as lead plaintiffs, and approved their counsel, Robbins Geller Rudman & Dowd as lead counsel. (Dkt. 52) Then the Court stayed the action pending consummation of the merger. (*See* Dkt. 57)

Fast forward to 2017, and the merger agreement was terminated and, thus, the merger was never consummated. Rather than walk away and voluntarily dismiss his lawsuit, Plaintiff Hering now proposes a radically different lawsuit, albeit equally deficient.

First, the lawsuit no longer asserts Section 14 claims; instead, the lawsuit has been transmogrified into a putative securities fraud case under Section 10 of the Securities Exchange Act of 1934. Old allegations about the sale process and other aspects of the merger are gone, replaced by vague and conclusory claims that the Rite Aid Defendants misled stockholders about the antitrust review process – claims which cannot possibly satisfy ordinary pleading standards, let alone the heightened pleading standards under the PSLRA.[1]

---

1 For example, Plaintiff alleges that statements reflecting optimistic beliefs and confidence in the likelihood of antitrust approval, the anticipated number of

*(cont'd)*

Second, whereas the operative complaint contains no class definition, the proposed Amended Complaint purports to capture a broad new class – the members of which allegedly purchased Rite Aid stock at some point between October 27, 2015 through June 28, 2017.

Third, because of the new class definition, it appears that Mr. and Mrs. Hussey – previously appointed lead counsel along with Mr. Hering – have been dropped from the proposed Amended Complaint.

Plaintiff Hering himself has conceded the fundamental changes reflected in the proposed Amended Complaint compared to the operative complaint. In his words, his proposed Amended Complaint is based on "significantly changed factual and legal circumstances" (Dkt. 67, at 1), and the operative complaint is "now-moot" (Dkt. 67, at 3) and "stale" (Dkt. 69, at 2) due to the termination of the merger agreement.

*(cont'd from previous page)*

store divestitures, and the successful completion of the merger were false or misleading. (*See, e.g.*, Am. Compl. ¶¶ 65, 69, 88). But securities fraud claims premised on these sorts of statements are routinely dismissed. *See City of Edinburgh Council v. Pfizer, Inc.*, 754 F.3d 159, 176 (3d Cir. 2014) (affirming district court's judgment granting motion to dismiss 10(b)(5) claims because optimistic statements "constitute no more than puffery"); *In re Hertz Glob. Holdings, Inc. Secs. Litig.*, 2015 WL 4469143, at *22 (D.N.J. July 22, 2015) (granting motion to dismiss 10(b)(5) claims based on optimistic statements and reaffirmations).

These fundamental changes in the lawsuit necessitate that Plaintiff Hering again undertake the PSLRA lead plaintiff and lead counsel process.

Plaintiff apparently contends, however, that if he files his Amended Complaint, he and his counsel are not obligated to satisfy again the PSLRA lead plaintiff and lead counsel process. (*See* Dkt. 64 at 16-17) This is wrong.

**ARGUMENT**

Plaintiff's claims are subject to the PSLRA, 15 U.S.C. § 78u-4, which establishes, among other things, a mandatory process and schedule for the appointment of lead plaintiff and the approval of lead counsel. Specifically, the PSLRA provides that "[n]ot later than 20 days after the date on which the complaint is filed, the plaintiff or plaintiffs shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class—

> (I) of the pendency of the action, the claims asserted therein, and the purported class period; and
>
> (II) that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class." 15 U.S.C. § 78u-4(a)(3)(A)(i).

Accordingly, in connection with his operative complaint, Plaintiff Hering provided notice under the PSLRA of a Section 14 claim, and the Court postponed Defendants' obligations to respond to the complaint until the notice process was completed and a lead plaintiff appointed. (*See* Dkts. 44-45). In his prior notice,

Plaintiff Hering did not advise potential class members of any Section 10 claim or the purported class period of October 2015 to June 2017. The notice must, therefore, be republished with accurate and current information and the Court should again postpone Defendants' obligations to respond until the notice and lead plaintiff process completes.

"[C]ourts have required plaintiffs to republish notice when the amended pleading affects a new class of plaintiffs, asserts new legal theories or claims, or is based on new factual allegations." *See, e.g.*, *Vanleeuwen v. Keyuan Petrochemicals, Inc.*, 2013 WL 2247394, at *5 (C.D. Cal. May 9, 2013); *Kaplan v. S.A.C. Capital Advisors, L.P.*, 947 F. Supp. 2d 366, 367 (S.D.N.Y. 2013) (requiring republishing of PSLRA notice because new complaint added new claims and expanded class period by two years); *In re Leapfrog Enters., Inc. Secs. Litig.*, 2005 WL 5327775, at *3 (N.D. Cal. July 5, 2005) (requiring new notice of amended complaint and lead plaintiff selection when new claims were added and "amended complaint [] dramatically alters the contours of the lawsuit"); *In re Cyberonics Inc. Secs. Litig.*, 468 F. Supp. 2d 936, 938 (S.D. Tex. 2006) (explaining "where amendments include 'entirely new factual and legal allegations against [Defendants], as to separate transactions, affecting a new class of plaintiffs,' entire classes of potential lead plaintiffs are left out of the notice procedure" and

republication is required") (quoting *Teamsters Local 445 Freight Div. Pension Fund. v. Bombardier, Inc.*, 2005 WL 1322721, at *2 (S.D.N.Y. June 1, 2005)).

Accordingly, given the admittedly fundamental changes in the lawsuit, Plaintiff Hering must undertake again the PSLRA lead plaintiff and lead counsel process, affording other Rite Aid stockholders the right to petition for lead status in connection with this new lawsuit.

One instructive example of this is *Kaplan v. S.A.C. Capital Advisors, L.P.,* 947 F. Supp. 2d 366, 367 (S.D.N.Y. 2013). There, the United States District Court for the Southern District of New York, a court that frequently addresses securities law claims such as those asserted here, ordered republication of a PSLRA notice because an amended complaint added "more than two years" to the original class period and "assert[ed] new claims." *Id.* The court explained that "these additions make it likely that individuals who could now be considered potential lead plaintiffs would have disregarded the earlier notice, and that 'allowing plaintiffs in this case to proceed without publishing a new notice reflecting their additional claims would potentially exclude qualified movants from the lead plaintiff selection process.'" *Id.* (quoting *Bombardier, Inc.*, 2005 WL 1322721, at *3); *see also Waldman v. Wachovia Corp.*, 2009 WL 2950362, at *1 (S.D.N.Y. Sept. 14, 2009) (requiring republication when amendment brought claims on behalf of new class that extended 'far beyond" claims and class in original complaint).

Accordingly, the Rite Aid Defendants do not oppose the motion for leave to amend on the condition that Plaintiff promptly begins compliance with the requirements of the PSLRA in conjunction with filing the Amended Complaint, and the Rite Aid Defendants' obligation to answer, move or otherwise respond to the complaint in this action arises only after the PSLRA process is completed (as the Court previously ordered in connection with the operative complaint). (*See* Dkt. 45); *see also Cyberonics*, 468 F. Supp. 2d at 941 (requiring new PSLRA notice for amended pleading and staying defendants' obligation to respond until notice process complete and lead plaintiff appointed).

If Plaintiff Hering is trying to use the amendment process to end-run the PSLRA procedures for appointing lead plaintiff and lead counsel, then the Rite Aid Defendants object to this tactic and to the motion.[2]

---

[2] The authority on which Plaintiff previously relied in arguing that new notice is not required actually demonstrates the opposite. For example, the court in *Thomas v. Magnachip Semiconductor Corp.*, did not require a new notice and lead plaintiff process in connection with an amended pleading because the amendment "still center[ed] on the same factual scenario concerning MagnaChip's financial statements" presented in the original complaint and the second-filed action related "to the same misrepresentations." 2015 WL 3749784, at *4 (N.D. Cal. June 15, 2015) (explaining that "no new classes of securities or groups of plaintiffs have been added"). Similarly, the court in *In re Thornburg Mortg., Inc. Sec. Litig.*, did not require new notice when additions in an amended complaint were "closely related" to and "follow naturally from" initial claims. 629 F.Supp.2d 1233, 1242 (D. N. M. 2009) Plaintiff Hering concedes that his amendment is not closely related to his original pleading, as was the case in *Magnachip* and *Thornburg*. (See Dkts. 67, 69 (explaining his

*(cont'd)*

## CONCLUSION

For all of the foregoing reasons, the Rite Aid Defendants do not oppose the motion for leave to amend, subject to the conditions discussed herein.

Respectfully submitted,

Of the Delaware Bar:

Robert S. Saunders (admitted *pro hac vice*)
Jennifer C. Voss (admitted *pro hac vice*)
Cliff C. Gardner (admitted *pro hac vice*)
Jessica R. Kunz (admitted *pro hac vice*)
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP
One Rodney Square, P.O. Box 636
Wilmington, Delaware 19899-0636

*/s/ Brian P. Downey*
Brian P. Downey (PA 59891)
PEPPER HAMILTON LLP
Suite 200, 100 Market Street, Box 1181
Harrisburg, Pennsylvania 17108-1181

*Attorneys for Defendants Rite Aid Corporation, John T. Standley, David R. Jessick, Joseph B. Anderson, Jr., Bruce G. Bodaken, Kevin E. Lofton, Myrtle S. Potter, Michael N. Regan, Frank A. Savage and Marcy Syms*

DATED: October 6, 2017

*(cont'd from previous page)*

amended pleadings are based on "significantly changed factual and legal circumstances"). Plaintiff also cited the instructive case of *Kaplan*, 947 F. Supp. 2d at 368, which, as discussed above, required new notice. (*See* Dkt. 64 at 16)

**CERTIFICATE OF COMPLIANCE**

I hereby certify that the Rite Aid Defendants' Opposition to Plaintiff's Motion to Lift the Stay of this Action does not exceed 15 pages as required under L.R. 7.08(b)(1).

Dated: October 6, 2017

*s/ Brian P. Downey*
Brian P. Downey (PA 59891)

**CERTIFICATE OF SERVICE**

I, Brian P. Downey, hereby certify that on October 6, 2017 a true and correct copy of the foregoing was filed through the Court's Electronic Case Filing (ECF) system and the following are registered to receive electronic notification of said filing through ECF:

Benjamin M. Mather, Esquire
Howard J. Kaufman, Esquire
Deborah R Gross, Esquire
**KAUFMAN, COREN & RESS, PC**
2001 Market Street, Suite 3900
Philadelphia, PA 19103

Christopher C. Gold, Esquire
Mark J Dearman, Esquire
Stuart A Davidson, Esquire
**ROBBINS GELLER RUDMAN & DOWD LLP**
120 East Palmetto Park Road, Suite 500
Boca Raton, FL 33432

***Attorneys for Plaintiff***

Thomas G. Collins, Esquire
**BUCHANAN INGERSOLL & ROONEY PC**
409 N. Second Street, Suite 500
Harrisburg, PA 17101-1357

***Attorneys for Defendants Walgreens Boots Alliance, Inc. and Victoria Merger Sub, Inc.***

Nilofer Umar, Esquire
Kristen R. Seager, Esquire
**SIDLEY AUSTIN, LLP**
One South Dearborn
Chicago, IL 60603

***Attorneys for Defendants Walgreens Boots Alliance, Inc. and Victoria Merger Sub, Inc.***

I also certify that a true and correct copy of the foregoing was served via First Class, U.S. Mail, postage prepaid, upon the following:

David T Wissbroecker, Esquire
Randall J Baron, Esquire
**ROBBINS GELLER RUDMAN & DOWD LLP**
655 West Broadway, Suite 1900
San Diego, CA 92101-3301

***Attorneys for Plaintiff***

*s/ Brian P. Downey*
Brian P. Downey